PER CURIAM.
Appellant, Charles Thomas Ray, appeals the trial court’s denial of his motion to suppress cannabis, drug paraphernalia and a pistol found in appellant’s home by law enforcement officers pursuant to a search warrant. As to the cannabis and drug paraphernalia we affirm the trial court’s order on appellant’s motion to suppress. We reverse that part of the order relating to the pistol. After the denial of his motion to suppress, appellant entered a plea agreement whereby he pled nolo contendere to the following charges: sale or delivery of cannabis; possession of cannabis; possession of a firearm with an altered serial number; possession with intent to sell, deliver or manufacture cannabis; driving with a suspended license. The plea agreement called for a stipulated sentence of one year community control followed by four years of probation. Appellant reserved the right to appeal the trial court’s *696 denial of Ms motion to suppress and the state agreed that the issues raised in the motion were dispositive of the entire case.
On appeal, appellant raises five issues: (1) whether the search warrant properly described the premises to be searched; (2) whether the information obtained by a confidential informant lacked sufficient indicia of reliability; (3) whether the affidavit supporting the search warrant was timely executed; (4) whether a firearm was properly seized during the course of the search; and (5) whether the pursuit and stop of appellant’s veMcle subsequent to the search was lawful. We find no merit in appellant’s arguments with respect to issues one, two, three and five, and reject appellant’s arguments as to these issues without comment.
None other than police officers were present when the warrant authorizing a search of appellant’s home was executed. The warrant did not authorize the seizure of any firearm or other weapon. Nonetheless, Officer Aubrey Carroll testified that while searching for marijuana in appellant’s residence he lifted a mattress to reveal a pistol. Officer Carroll testified that he picked up the pistol and turned it over to reveal that the pistol’s serial number had been defaced.
In order to justify the warrantless seizure of the pistol the following conditions must be satisfied. Officer Carroll must not have violated the Fourth Amendment in arriving at the place from wMch he observed the pistol, the pistol must have been in plain view, and the incriminating character of the pistol must have been immediately apparent. Horton v. California, 496 U.S. 128, 136, 110 S.Ct. 2301, 2308, 110 L.Ed.2d 112, 123 (1990) (citing Coolidge v. New Hampshire, 403 U.S. 443, 446, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971)). In the present case, the discovery of the pistol was a lawful consequence of the authorized search wMch brought the pistol witMn the plain view of Officer Carroll. However, the incriminating character of the pistol was not immediately apparent to Officer Carroll because its defaced serial number could not be seen by the officer until he picked up the pistol and turned it over. In picking up the pistol and turmng it over Officer Carroll extended the search beyond the scope permitted by the warrant. See Arizona v. Hicks, 480 U.S. 321, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987) (moving of stereo equipment to record serial number constituted unlawful search beyond that initially authorized). We reject the state’s argument that it was necessary to pick up the pistol in order to search for marijuana which may have been hidden under or behind the pistol. Under Arizona v. Hicks, the search and seizure of appellant’s pistol was in violation of the Fourth Amendment. The trial court, therefore, erred in denying appellant’s motion to suppress insofar as it pertained to the pistol.
REVERSED and REMANDED for further consistent proceedings.
MINER and ALLEN, JJ., concur.
BOOTH, J., dissents with opinion.